UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SHAW,

                    Petitioner,

-v-

R. WENDLEND,

                    Respondent.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-27-14
```

No. 11-cv-4852 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Michael Shaw ("Petitioner" or "Shaw") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York Supreme Court, New York County, on counts of first degree rape and third degree burglary, for which he was sentenced as a predicate felon to consecutive terms of imprisonment of twelve-and-one-half to twenty-five years for the rape and three-and-one-half to seven years for the burglary. (Doc. No. 2.) Now before the Court is the Report and Recommendation of the Honorable Andrew J. Peck, Magistrate Judge, recommending that the petition be denied (Doc. No. 25 (the "Report")), as well as Petitioner's objections to the report (Doc. No. 29 ("Objs.")). The relevant facts and procedural history relating to the petition are set forth in detail in the Report. For the reasons set forth below, the Court adopts the Report in its entirety and denies the petition.

I. LEGAL STANDARD

    A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)

(citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn,* 474 U.S. 140, 149 (1985)). To the extent that a petitioner makes specific objections to a magistrate judge's findings, the court must undertake a de novo review of the objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997).

Pro se filings are read liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). However, where objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan,* 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *accord Cartagena v. Connelly,* No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 235, 242 (2001) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

## II. DISCUSSION

The petition makes four arguments, all of which the Report thoroughly addressed and rejected. Specifically, Petitioner asserts that (1) he was denied effective assistance of counsel because his trial counsel did not submit a motion challenging the police's decision to allow a journalist to photograph and videotape Petitioner when he was transported to his arraignment; (2) the indictment charging Petitioner was defective because it did not include his name except in the caption; (3) he was denied his right to appeal because the Supreme Court Appellate Division, First Department, denied him leave to appeal his state criminal collateral review motion; and (4) he was denied his right to a fair trial because his conviction was based on perjured testimony. (Doc. No. 2 at 4–5; Report at 20–43.) Petitioner objects to each of the Report's four rejections. The Court addresses each objection in turn.

A. Alleged Ineffective Assistance of Counsel

The Report found that Petitioner's first claim was both unexhausted and procedurally barred. (Report at 20–25.) Moreover, the Report concluded that the claim was meritless even when considered on the merits. (*Id.* at 25–33.) The Court agrees. Either the procedural bar or the rejection on the merits is sufficient to dispose of the claim.

Petitioner objects that his claim is not unexhausted because "the exhaustion doctrine requires only that a habeas corpus petitioner present his claim once on direct or collateral review in State court in order to be allowed to file for federal habeas corpus relief." (Obj. at III.) As a legal matter, however, Petitioner is simply incorrect. As the Supreme Court has held, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, a prisoner must seek the full extent of state remedies available, which Petitioner did not do. Judge Peck therefore correctly found that the claim must fail as unexhausted.

Moreover, Petitioner does not address Judge Peck's finding on the merits that Petitioner could not establish the elements required for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). (Objs. at I–V.)[1] As such, the Court reviews the Report's finding that the claim was meritless for clear error, and finding none, adopts the Report's finding that Petitioner's claim must be rejected.

B. Alleged Deficiencies in Petitioner's Indictment

The Report found that Petitioner's second claim was not cognizable on habeas review because any defect with a grand jury indictment is harmless beyond a reasonable doubt if a defendant is convicted by a petit jury. (Report at 33–36.) Petitioner objects that discrimination in

---

[1] The pages of Petitioner's Objections are numbered with Roman numerals and, although no pages appear to be missing, no page is marked with Roman numeral II. To avoid confusion, the Court uses the page number appearing on the bottom of each page of the Objections.

3

grand jury proceedings is not amenable to harmless error review, that his indictment was flawed under New York law, and that the lack of a proper indictment violated his Fifth Amendment right to a grand jury indictment. (Objs. at V–XVII.) Although Petitioner is correct that discrimination in selecting a grand jury can never be harmless error, *see Vasquez v. Hillary*, 474 U.S. 254, 263–64 (1986), that rule applies only when the claim involves discriminatory selection of a grand jury, *see United States v. Mechanik*, 475 U.S. 66, 70 n.1 (1986), and Petitioner does not allege that any such discrimination occurred. Further, whether or not the indictment violated New York law is irrelevant, as "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (internal quotation marks omitted). Finally, as there is no Fifth Amendment right to grand jury indictment in a state criminal case, *LanFranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002), Petitioner's claim that his Fifth Amendment grand jury rights were violated is incorrect as a matter of law.[2] As such, the Court finds the objection to be meritless and adopts the Report's conclusion that Petitioner's second claim must be rejected.

C. Alleged Denial of the Right to Appeal

The Report found that Petitioner's third claim was frivolous because there is no federal right to appeal from state criminal collateral proceedings. (Report at 36–37.) Petitioner's objection does not address the merits of the Report's recommendation but instead argues that New York's law allowing for a denial of appeal from a collateral criminal review motion should be revised. (Objs. at XVII–XVIII.) Because the objection does not raise any argument against the Report's recommendation, the Court reviews the recommendation for clear error, and finding none, adopts the Report's recommendation that Petitioner's claim must be rejected. The Court also notes that it finds the Report's conclusions to be thoroughly persuasive and would adopt them even under a de novo standard.

---

[2] Petitioner does not argue that the indictment failed to provide adequate notice of the charges against him such that his due process rights might have been violated.

4

### D. Alleged Perjured Testimony

The Report found that there is no evidence that any of the testimony introduced at trial was perjurious or that the prosecution knew or believed that any testimony was perjurious. (Report at 37–41.) The Report also found that even if there had been perjury, the perjury did not prejudice Petitioner. (*Id.* at 42–43.) Although Petitioner objects that perjury did occur and that the perjury did prejudice him, he does not provide any evidence that the prosecution actually knew that any witnesses had perjured themselves. (*See* Objs. XVIII–XXI.) Because the objection does not raise any argument against the Report's finding that there was no evidence of the prosecution's knowledge of any perjury, the Court reviews the finding for clear error, and finding none, adopts the Report's finding. Without such evidence of prosecutorial knowledge, the claim fails. *See Drake v. Portuondo*, 553 F.3d 230, 240–41 (2d Cir. 2009). As a result, the Court adopts the Report's conclusion that Petitioner's fourth claim must be rejected.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT the Court adopts the Report in its entirety and DENIES the Petition. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   June 26, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>A copy of this Order was mailed to</u>:

Michael Shaw
05-A-0177
Fishkill Corr. Fac.
271 Matteawan Road
P.O. Box 1245
Beacon, NY 12508-0307